UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OXFORD LENDING GROUP, LLC,**

    **Plaintiff,**

vs.

    Civil Action 2:10-cv-00094
    Judge George C. Smith
    Magistrate Judge E. A. Preston Deavers

**UNDERWRITERS AT LLOYD'S LONDON,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant The Appraisal Works' ("Appraisal Works") Motion to Stay Discovery (Doc. 90). For the reasons that follow, the Court **DENIES** Appraisal Works' Motion.

### I.

This case arises from a failed mortgage transaction in Oakland, California in which Plaintiff, Oxford Lending Group, alleges it was defrauded into funding the contract price for a house. On February 3, 2010, Plaintiff brought this action against the participants in the mortgage transaction and its insurers. Plaintiff sues Appraisal Works for breach of contract and negligence, seeking to recover compensatory damages, attorney fees, and costs. On March 8, 2010, Appraisal works filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 10). Plaintiff opposes Appraisal Works' Motion to Dismiss. On June 23, 2010, the Court held a preliminary pretrial conference. The Court acknowledged Appraisal Works' pending Motion to

Dismiss in its Preliminary Pretrial Order (Doc. 66).  At that time, however, Appraisal Works raised no objection to, and failed otherwise to indicate that it intended to seek a stay of discovery.

On September 15, 2010, Appraisal Works filed a Motion to Stay Discovery (Doc. 90). Appraisal Works contends that the Court should stay all discovery relating to Appraisal Works until the Court reaches a decision on Appraisal Works' Motion to Dismiss.  Appraisal Works asserts that a stay is appropriate because the pending Motion to Dismiss "is well-taken and most probably will be granted" and also because a stay would enable it "to avoid the sizeable costs of discovery."  (Appraisal Works' Mot. to Stay 2.)

Plaintiff opposes Appraisal Works' Motion to Stay.  Plaintiff maintains that the only effect of Appraisal Works' Motion to Stay is to delay the inevitable.  Plaintiff explains that even if the Court is inclined to grant Appraisal Works' Motion to Dismiss for Lack of Personal Jurisdiction, it has requested a transfer in lieu of dismissal.  Further, Plaintiff represents that in the event the Court dismisses the case for lack of personal jurisdiction, it will simply file a new suit in California.

## II.

The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.' " *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).  As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719

(6th Cir.1999)).  Furthermore, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Nevertheless, to determine whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1.  "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Nevertheless, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion).

### III.

In the instant case, the Court finds that Appraisal Works has failed to demonstrate good cause exists for staying discovery.  As noted above, it is not enough that a case-dispositive motion is pending.  *See Bowens*, 2010 WL 3719245, at *2.  Further, Appraisal Works' arguments in favor of a stay ignore the nature of its pending Motion to Dismiss.  *Cf. Charvat v. NMP, LLC*, No. 2:09-cv-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) (declining to stay discovery pending resolution of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss

and noting that "because [motions to dismiss for lack of personal jurisdiction] do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome [because] [a]ny discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where . . . personal jurisdiction is proper"). As Plaintiff notes, even if the Court finds the Motion to Dismiss meritorious and dismisses the case, such a dismissal is without prejudice to refile in an appropriate jurisdiction. Thus, staying discovery would "not really save . . . any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any [other court where the] case filed." *Charvat*, 2009 WL 3210379, at *2. Under these circumstances, Appraisal Works has not met its burden of demonstrating that a stay of discovery is appropriate.

### IV.

For the foregoing reasons, the Court **DENIES** Appraisal Works' Motion to Stay Discovery (Doc. 90).

**IT IS SO ORDERED.**


October 12, 2010                                             /s/ *Elizabeth A. Preston Deavers*
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge